UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEON CARIL II,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　Respondent. | CASE NO. 2:23-cv-01735-RSM-GJL<br><br>ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION |

Petitioner Leon Caril II, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 12. Having reviewed and screened the Petition under the Rules Governing Section 2254 Cases, the Court declines to order Respondent to file an answer but provides Petitioner leave to file an amended petition by February 20, 2024, to cure the deficiencies identified herein.

## I.　　DISCUSSION

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a

ORDER DIRECTING PETITIONER TO FILE
AMENDED PETITION - 1

habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody." Further, the Petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

Here, Petitioner names the State of Washington as Respondent. Dkt. 12. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to the Docket, Petitioner is currently confined at the Washington State Penitentiary ("WCC"). *See* Dkt. 7. The Superintendent of WCC is Rob Jackson, and therefore, Mr. Jackson is the only appropriate Respondent.

In addition, while Petitioner does utilize, in part, the Court's § 2254 habeas petition form, he has filed a handwritten 54-page Petition that is difficult to decipher. Dkt. 12. He sets forth at least 43 grounds for relief, but many of those grounds are difficult to understand and appear to be duplicative. *See id*. Notably, to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

ORDER DIRECTING PETITIONER TO FILE
AMENDED PETITION - 2

Further, the Court is unable to determine whether Petitioner properly exhausted the remedies available in the Washington state courts. Petitioner is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

Moreover, the Court cannot determine whether the Petition has been timely filed in this Court. 28 U.S.C. § 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

Petitioner also appears to be requesting monetary damages in several of his grounds for relief. *See* Dkt. 12 at 43–45. By way of example, in Ground 34, Petitioner seeks "1,500 dollar a day or 50,000 dollar a year monetary damages settlement after mistakes in correctly overturning my conviction . . . ." *Id*. at 43. "Habeas, by its very nature, is an action to challenge 'the fact or length of custody' for which the remedy is release from custody; it is not an action in damages." *Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser*, 411 U.S. at 494). Thus, Petitioner's requests for damages is misplaced. If Petitioner seeks monetary damages for alleged wrongdoing by a state actor, the appropriate vehicle is a civil suit pursuant to 42 U.S.C. § 1983.

Finally, Petitioner may also be improperly challenging his conditions of confinement here. In Ground 38, Petitioner asserts, "The struggles I have had in prison with [WSP] staff from

ORDER DIRECTING PETITIONER TO FILE
AMENDED PETITION - 3

2021 to 2023 have made my stay inside prison harder to function towards filing." Dkt. 12 at 45. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). Because Petitioner's Ground 38 appears to be challenging his conditions of confinement, it is not properly raised in this § 2254 Petition.

For these reasons, the Court finds the Petition is defective and will not direct Respondent to answer.

## II.   CONCLUSION

If Petitioner intends to pursue this habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Petition by reference. The amended petition will act as a complete substitute for the original Petition, and not as a supplement. The amended petition must also include all claims for relief arising from the underlying state conviction and sentence.

If Petitioner fails to adequately address the issues raised herein and file an amended petition on or before **February 20, 2024**, the undersigned will recommend dismissal of this action.

//

//

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide copies of this Order to Petitioner.

Dated this 17th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge