UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEON CARIL II,<br><br>    Petitioner,<br><br> v.<br><br>ROBERT JACKSON,<br><br>    Respondent. | CASE NO. 2:23-cv-01735-RSM-GJL<br><br>ORDER GRANTING MOTION TO CONTINUE STAY |

This matter is before the Court on referral from the District Court and on Petitioner Leon Caril II's Motion for an extension of time, which is construed by the Court as a Motion to continue the stay of his federal habeas action filed pursuant to 28 U.S.C. § 2254. Dkt. 29.

On May 15, 2024, the Court entered an Order staying this case while Petitioner exhausts his state court remedies and directing Petitioner to file a status report every 90 days informing the Court of the status of his state court proceedings. Dkt. 25. On July 23, 2024, Petitioner filed a Motion for an extension of time, construed by the Court as a Motion to continue the stay of these § 2254 proceedings. Dkt. 27.

By Order dated August 15, 2024, the Court granted the Motion and directed that the case remain stayed. Dkt. 28. In that Order, the Court also directed Respondent to file a report every 90 days informing the Court of the status of Petitioner's state court proceedings. *Id*. Finally, the Court directed that, if the state court dismisses or resolves Petitioner's state court proceedings,

Petitioner or Respondent shall inform the Court and file a motion to lift the stay within 30 days of the state court taking such action. *Id*.

As the Court previously set forth, this Court may stay consideration of a habeas petition to allow a petitioner to exhaust his remedies in state court before returning to federal court. *See Rhines v. Weber*, 544 U.S. 69, 274–79 (2005). In the instant Motion, Petitioner again indicates that his proceedings remain pending in state court and requests that the Court continue the stay of these habeas proceedings until the completion of those state court proceedings. *Id*. Additionally, Respondent has filed a status report asserting that a continuation of the stay is appropriate because Petitioner is still exhausting his state court remedies. Dkt. 30.

Upon review of the Motion and Respondent's status report, the Court finds good cause to grant Petitioner's Motion. Thus, the Motion to continue the stay (Dkt. 29) is **GRANTED** and the case shall remain **STAYED**.

**FURTHER**, Respondent is directed to continue to **FILE a report every 90 days** informing the Court of the status of Petitioner's state court proceedings. The next status report is due **on or before February 14, 2025**. Based on this directive to Respondent regarding status reports, Petitioner need not file additional motions for extension of time. Rather, if the state court dismisses or resolves Petitioner's state court proceedings, Petitioner or Respondent is directed to **INFORM** the Court and **FILE** a motion to lift the stay **within 30 days of the state court taking such action**. Respondent shall **FILE** its answer **within 45 days after the stay is lifted**.

Dated this 13th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING MOTION TO CONTINUE
STAY - 2