UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEON CARIL II,<br><br>                    Petitioner,<br>     v.<br><br>ROBERT JACKSON,<br><br>                    Respondent. | CASE NO. 2:23-cv-01735-RSM-GJL<br><br>ORDER DENYING MOTION FOR COUNSEL |

This 28 U.S.C. § 2254 habeas action has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Petitioner Leon Caril II's Motion to Appoint Counsel. Dkt. 49. Because Petitioner has not shown the appointment of counsel is warranted at this time, his Motion is **DENIED without prejudice**.

### I.    LEGAL STANDARD

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless (1) counsel is required to prevent a due process violation, (2) an evidentiary hearing is required, or (3) such appointment is necessary for the effective utilization of discovery procedures. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196

(9th Cir. 1986); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

Even where habeas counsel is not required as a matter of right, the Court may appoint counsel for financially eligible petitioners "when it determines 'that the interests of justice so require.'" *Chaney*, 801 F.2d at 1196 (quoting 18 U.S.C. § 3006A); *see also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (in circumstances where appointment of counsel is not mandated, the decision to appoint counsel falls within the "sound discretion of the court"). In deciding whether to appoint counsel, the Court evaluates "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954; *see also Stokes v. Roe*, 18 F. App'x 478, 479 (9th Cir. 2001).

## II.    DISCUSSION

Petitioner has filed this Motion on a form Motion for Appointment of Counsel to proceed in the Superior Court of Washington for King County. Dkt. 49. In particular, Petitioner asserts that, based on an attached Affidavit of Indigency (*id*. at 2), he is "unable to afford an attorney to represent him at trial . . . ." *Id*. at 1. Petitioner does not describe any circumstances that would entitle him to court-appointed counsel in these federal § 2254 habeas proceedings. *See id*.

Further, these § 2254 proceedings are still in the early stages as Respondent has not yet filed an answer to the Petition, and Petitioner has not demonstrated he is likely to succeed on the merits of his case or that an evidentiary hearing will be necessary.

Finally, Petitioner's filings in the case thus far have been clear and understandable. As such, the Court does not find his ability to articulate his claims to be so lacking as to warrant the appointment of counsel at this juncture.

Accordingly, the Court concludes that Petitioner has not shown the appointment of counsel is required at this time.

### III.    CONCLUSION

For the reasons above, Petitioner's Motion to Appoint Counsel (Dkt. 49) is **DENIED without prejudice**.

Dated this 2nd day of October, 2025.

Grady J. Leupold
United States Magistrate Judge