UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEON CARIL II,

               Petitioner,

     v.

ROBERT JACKSON,

               Respondent.

CASE NO. 2:23-cv-01735-RSM-GJL

ORDER ON MOTIONS

This matter is before the Court on referral from the District Court and on four Motions filed by Petitioner Leon Caril II: (1) a Motion to lift the stay of these federal habeas proceedings (Dkt. 56); (2) a Motion to appoint counsel (Dkt. 57); (3) a Motion for an extension of time to prepare an amended habeas petition (Dkt. 58); and (4) a Motion for transport to King County Jail (Dkt. 59).

## I.     DISCUSSION

**A.    Motion to Lift Stay (Dkt. 56) / Motion for Extension of Time (Dkt. 58)**

In the Motion to lift the stay, Petitioner represents that his state court remedies are now exhausted and requests the stay be lifted. Dkt. 56. Attached to the Motion is a letter from the

ORDER ON MOTIONS - 1

Supreme Court of Washington indicating Petitioner's "case was closed when this Court entered an order denying modification of the Deputy Commissioner's ruling denying review on February 4, 2026." Dkt. 56 at 15. Respondent has not responded to the Motion to lift the stay. *See docket*.

Accordingly, Petitioner's Motion to lift the stay (Dkt. 56) is **GRANTED** and the stay in this action is hereby **LIFTED**.

Additionally, Petitioner's Motion for an extension of time to prepare an amended federal habeas petition (Dkt. 58) is **GRANTED**. Petitioner is **DIRECTED** to **FILE** an amended petition not later than **July 23, 2026**, so that his exhaustion activity is appropriately reflected with respect to each ground for federal habeas relief raised.

The amended petition **MUST** comply with the Rules Governing § 2254 cases ("Habeas Rules"). Under Rule 2(a) of the Habeas Rules, the amended petition "**MUST** name as respondent the state officer who has custody." Rule (2) also requires that the amended petition:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The amended petition **MUST** also "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

In his amended petition, Petitioner **MUST** provide a short, clear, and direct statement identifying the specific constitutional basis for all grounds for habeas relief. Also, for each ground raised, Petitioner **MUST** briefly state the basic facts supporting that ground, and each ground for relief **MUST** be limited to those available in § 2254 habeas corpus proceedings. Petitioner **SHOULD NOT** include supplemental documents, state court records, and legal memoranda with his amended petition. Such materials detract significantly from the clarity of the

ORDER ON MOTIONS - 2

grounds for relief presented in the petition, and, if necessary, there will be an opportunity for Petitioner to file such materials at a later stage in these proceedings.

**B.       Motion to Appoint Counsel (Dkt. 57)**

Petitioner has also filed a Motion to Appoint Counsel, filed on a form Motion for Appointment of Counsel to proceed in the "U.S. District Court of Washington County of King." Dkt. 57.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless (1) counsel is required to prevent a due process violation, (2) an evidentiary hearing is required, or (3) such appointment is necessary for the effective utilization of discovery procedures. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

Even where habeas counsel is not required as a matter of right, the Court may appoint counsel for financially eligible petitioners "when it determines 'that the interests of justice so require.'" *Chaney*, 801 F.2d at 1196 (quoting 18 U.S.C. § 3006A); *see also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (in circumstances where appointment of counsel is not mandated, the decision to appoint counsel falls within the "sound discretion of the court"). In deciding whether to appoint counsel, the Court evaluates "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954; *see also Stokes v. Roe*, 18 F. App'x 478, 479 (9th Cir. 2001).

ORDER ON MOTIONS - 3

In his one-page Motion, Petitioner signs the form that states, "defendant is unable to afford an attorney to represent him at trial and, accordingly, requests that he be declared indigent and that counsel be appointed to represent him." Dkt. 57. Petitioner does not describe any circumstances that would entitle him to court-appointed counsel in these federal § 2254 habeas proceedings. *See id*. Further, these § 2254 proceedings are still in the early stages as Petitioner has not yet filed an amended petition, nor has he demonstrated he is likely to succeed on the merits of his case or that an evidentiary hearing will be necessary. In addition, Petitioner's filings in the case thus far have been clear and understandable.

Accordingly, the Court concludes that Petitioner has not shown the appointment of counsel is required at this time. Thus, the Motion to Appoint Counsel (Dkt. 57) is **DENIED without prejudice**.

**C.      Motion for Transport to King County Jail (Dkt. 59)**

Finally, Petitioner has filed a Motion for transport to the King County Jail. Dkt. 59. In the Motion, Petitioner requests he be transferred to the King County Jail "to attend cash damages in-person court appearance and all granted court appearances for 2254 habeas corpus petition." *Id*.

As the Court states above, Petitioner has not yet filed an amended petition, nor has he shown he is likely to succeed on the merits of his case or that an evidentiary hearing will be necessary. As such, Petitioner has not demonstrated the need for any court appearances requiring his transfer to a different facility. Moreover, courts have held that prisoners generally do not have a liberty interest in being housed in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225–27 (1976). Further, a prisoner has no constitutional right to incarceration at a prison of their choice. *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007). Because Petitioner has no liberty interest in being housed in a

ORDER ON MOTIONS - 4

particular prison, nor has he demonstrated these federal habeas proceedings require a court order for his transfer to the King County Jail in particular, the Motion for transport to King County Jail (Dkt. 59) is **DENIED**.

## II.    CONCLUSION

For the reasons set forth above, the Court concludes the following:

1.    The Motion to Lift Stay (Dkt. 56) is **GRANTED**. The stay in this action is hereby **LIFTED**. The Clerk of Court is directed to provide Petitioner with a blank form for filing a 28 U.S.C. § 2254 petition along with a copy of this Order.

2.    The Motion for Extension of Time to Prepare Amended Habeas Petition (Dkt. 58) is **GRANTED**. Petitioner shall **FILE** an amended federal habeas petition, utilizing the form provided by the Clerk, on or before **July 23, 2026**.

3.    Petitioner's Motion to Appoint Counsel (Dkt. 57) is **DENIED without prejudice**.

4.    Petitioner's Motion for Transport to King County Jail (Dkt. 59) is **DENIED**.

Dated this 25th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON MOTIONS - 5