UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEON CARIL II,

Petitioner,

v.

KARIN ARNOLD,

Respondent.

CASE NO. 2:23-cv-01735-RSM-GJL

ORDER TO AMEND PETITION

This federal habeas action has been referred to United States Magistrate Judge Grady J. Leupold. Presently before the Court is Petitioner Leon Caril II's Second Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Dkt. 62. Upon review, the Court finds the Second Amended Petition is deficient, declines to order service upon Respondent, and directs Petitioner to file an amended petition on or before **September 18, 2026**.

## I. SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears

[1] On January 17, 2024, the Court screened Petitioner's initial Petition, found deficiencies, and directed him to amend. Dkt. 13. Petitioner filed an Amended Petition on March 26, 2024 (Dkt. 21), and on May 15, 2024, the Court stayed this habeas action pending Petitioner's exhaustion of state court remedies. Dkt. 25. On March 6, 2026, Petitioner moved to lift the stay of the case, informing the Court that he had now exhausted his state court remedies. Dkt. 56. On March 25, 2026, the Court granted Petitioner's Motion, lifted the stay of the case, and directed Petitioner to file an amended petition. Dkt. 60.

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Finally, under Rule 5 of the Habeas Rules, "The respondent is not required to answer the petition unless a judge so orders."

## II. DISCUSSION

Upon review, the Court finds the Second Amended Petition contains several deficiencies. To begin, while Petitioner does utilize, in part, the Court's § 2254 habeas petition form, he has filed a primarily handwritten 200-page Second Amended Petition that is difficult to decipher. Dkt. 62. While it appears he is attempting to set forth grounds for relief, these grounds are difficult to understand and may be duplicative. *See id*. He dedicates many pages to summaries of cases he finds relevant to his claims, but again, his claims are unclear. *See id*. He includes "Exhibits," some of which may be filings he made in the state courts. *See id*. Other "Exhibits"

are correspondence from his state attorney and Orders or other correspondence from the state courts and this Court. *See id*. at 8–15; 22–24; 65–66; 76–77; Dkt. 62-1 at 2–6. As a result, the Second Amended Petition does not satisfy the requirements of Rule 2.

Petitioner also requests monetary damages as relief. *See* Dkt. 62-1 at 58 ("$1,500 a day or $50,000 a year for unlawful imprisonment from 8-2021 to release day"). Such a request for relief is unavailable in § 2254 habeas corpus proceedings. "Habeas, by its very nature, is an action to challenge 'the fact or length of custody' for which the remedy is release from custody; it is not an action in damages." *Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)). If Petitioner seeks monetary damages for alleged wrongdoing by a state actor, the appropriate vehicle is a civil suit pursuant to 42 U.S.C. § 1983. Since Petitioner cannot pursue financial compensation in this § 2254 habeas action, the inclusion of such a request in the Second Amended Petition makes it unserviceable.

For the above stated reasons, the Court finds the Second Amended Petition is defective and will not direct Respondent to answer at this time.

## III. CONCLUSION AND INSTRUCTIONS TO PETITIONER

Accordingly, the Court **DECLINES** to direct Respondent to respond to the Second Amended Petition. Instead, if Petitioner wishes to proceed in this § 2254 habeas action, he must **FILE** an amended petition curing the above deficiencies and complying with Rule 2 of the Rules Governing Section 2254 cases on the form provided by the Court.

The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any

part of a previous Petition by reference. The amended petition will act as a complete substitute for the previous Petitions, and not as a supplement.

In any amended petition, Petitioner must provide a short, clear, and direct statement identifying the specific constitutional basis for his grounds for habeas relief. For each ground raised, Petitioner must briefly state the basic facts supporting that ground. Each ground for relief must be limited to those available in § 2254 habeas corpus proceedings.

The amended petition shall not exceed **twenty (20) pages** without first obtaining leave of court. Petitioner should not include an *excessive* summary of the procedural background for his state-court proceedings or cases he deems relevant, as this information detracts significantly from the clarity of his grounds for federal habeas relief.

If Petitioner fails to file an amended petition on or before **September 18, 2026**, correcting the deficiencies identified herein or otherwise fails to respond to this Order, the undersigned will recommend this action be dismissed.

The Clerk's Office is directed to provide Petitioner with a blank form for filing a 28 U.S.C. § 2254 petition along with a copy of this Order.

Finally, because Petitioner has filed this Second Amended Petition (Dkt. 62), his Motion for an Extension of Time (Dkt. 61) is **DENIED as moot**.

Dated this 4th day of August, 2026.

Grady J. Leupold
United States Magistrate Judge